1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN DILL,                              No.  2:14-cv-0907 CKD P

12              Plaintiff,

13        v.                                  ORDER

14   SHASTA COUNTY, et al.,

15              Defendants.

16

17        Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19   1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   §636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

25   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's jail trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2           The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14          In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

22   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26          Here, plaintiff alleges that, in 2007, the jail published false information that he was a sex

27   offender, making it necessary for him to be placed in restrictive housing for his own protection.

28   Plaintiff alleges that this situation has taken a toll on his mental health and jeopardized his safety.

1    It is not clear on what basis plaintiff is alleging a federal constitutional claim pursuant to § 1983.

2         The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails

3    to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

4    adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

5    claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

6    1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

7    engaged in that support plaintiff's claim.  Id.

8         Plaintiff names Shasta County and the Shasta County Jail as defendants in this action.

9    "Municipalities and other local government units ... [are] among those persons to whom § 1983

10   applies."  Monell v. Dept. of Soc. Servs., 436 U.S. at 690.  However, a municipal entity or its

11   departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused

12   by employees acting pursuant to the municipality's policy or custom.  See Villegas v. Gilroy

13   Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–

14   94).  "[A]n act performed pursuant to a 'custom' that has not been formally approved by an

15   appropriate decisionmaker may fairly subject a municipality to liability on the theory that the

16   relevant practice is so widespread as to have the force of law."  Board of County Comm'rs. of

17   Bryan County v. Brown, 520 U.S. 397, 404 (1997).  Here, plaintiff has not alleged that Shasta

18   County employees have acted pursuant to a policy or custom that violates his federal

19   constitutional rights.

20        For these reasons, plaintiff's complaint must be dismissed.  The court will grant plaintiff

21   one opportunity to file an amended complaint.

22        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

24   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

25   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

26   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

27   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

28   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

1    allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

2    <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading.  This is because, as a

6    general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

7    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10        In accordance with the above, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

12        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

13   shall be collected and paid in accordance with this court's order to the Sheriff of Shasta County,

14   filed concurrently herewith.

15        3.  Plaintiff's complaint is dismissed.

16        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

17   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

20   two copies of the amended complaint; failure to file an amended complaint in accordance with

21   this order will result in a recommendation that this action be dismissed.

22   Dated:  April 23, 2014

23                                     _____
                                       CAROLYN K. DELANEY
24                                     UNITED STATES MAGISTRATE JUDGE

25

26

27   2 / dill0907.14.new

28

                                          4